UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNITED STATES OF AMERICA          CIVIL ACTION NO. 07-50032-01

versus                             JUDGE HICKS

GARLAND D. MILLER                  MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

**Introduction**

Defendant is charged with two counts of attempting to evade or defeat tax in violation of 26 U.S.C. § 7201. Before the court is **Defendant's Motion to Strike Prejudicial Surplusage (Doc. 19)**. Defendant alleges that the references in the indictment to his alleged failure to file returns is prejudicial, because the jury could consider that failure to be an act of evasion during jury deliberations. Defendant points out that failing to file or pay, standing alone, does not constitute felony tax evasion. Defendant argues that the failure to file or pay must be combined with an affirmative act of evasion to establish the felony offense.

**Law and Analysis**

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged ... " Fed. R. Crim. P. 7(c)(1). Upon the Defendant's motion, the court may strike surplusage from the indictment. Fed. R. Crim. P. 7(d). In order to strike surplusage in an indictment, the language challenged must be "irrelevant, inflammatory, and prejudicial." United States v. Graves, 5 F.3d 1546, 1550 (5th Cir. 1993). The inclusion of clearly unnecessary language in an indictment that could serve only to

inflame the jury, confuse the issues and blur the elements necessary for conviction can be prejudicial.  United States v. Bullock, 451 F.2d 884, 888 (5th Cir. 1971).  However, where information in an indictment is sufficiently relevant to the charged offense, the court should not strike it, no matter how prejudicial it may be.  United States v. Solomon, 273 F.3d 1108, 2001 WL 1131955 (5th Cir. 2001).  The level of proof required to strike surplusage of an indictment is "exacting."  Bullock, supra.  See also United States v. Prejean, 429 F.Supp. 2d 782, 796-797 (E.D. La. 2006); U.S. v. Green, 2005 WL 1400426 (E.D. La. 2005).

      Defendant has not met his burden of showing that the challenged language in the indictment should be stricken as surplusage. The indictment in this case charges what is commonly referred to as Spies evasion.  Spies v. United States, 317 U.S. 492 (1943); United States v. Fusero, 106 F.Supp.2d 921, 928 (E.D. Mich. 2000).  The language in the indictment concerning failing to file or pay income tax is not irrelevant, inflammatory or prejudicial; instead, it is one element of Spies evasion and was properly included in the indictment. See United States v. Nolen, 472 F.3d 362, 378 and 380-381 (5th Cir. 2006)(affirming trial court's 7-element jury instruction for evasion). Furthermore, Defendant can eliminate any prejudice by requesting an appropriately worded jury instruction that sets forth all of the elements necessary for the jury to find a violation of Section 7201.  Nolen, 472 F.3d at 379 citing Spies, 317 U.S. at 500.  See also United States v. Nelson, 791 F.2d 336, 337-338 (5th Cir. 1986).  Accordingly, Defendant's **Motion to Strike Prejudicial Surplusage (Doc. 19)** is **denied**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 18th day of September 2007.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE