UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 07-cr-50032 |
| VERSUS | JUDGE HICKS |
| GARLAND D. MILLER | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Before the court is Defendant's Motion to Suppress (Doc. 34). Defendant argues that on January 24, 2003, his medical office was illegally searched without a warrant and that computers, files, patient records and other items were removed without his consent. For the reasons that follow, it is recommended that Defendant's motion be denied.

**The Facts**

On or about March 29, 2000, Dr. Miller, a physician, entered into an employment agreement with DeSoto Regional Health System ("DeSoto"), a hospital located in Mansfield, Louisiana. Dr. Miller owned his own medical clinic in Zwolle, Louisiana at that time, and he leased that clinic to DeSoto effective January 19, 2000. Under the parties' agreements, DeSoto paid all expenses, set the fee schedules and was to receive all income generated by Dr. Miller. In exchange, Dr. Miller received a salary and other benefits. All of the clinic's employees worked for DeSoto, and the records of the medical practice belonged to DeSoto. Exhibit A, Employment Agreement, ¶ 1.6.

Due to concerns about fee income, employees of DeSoto entered the medical clinic on January 24, 2003 to conduct a search and remove files, records and other items that are the subject of the motion to suppress. Because they were concerned for their safety, the employees asked sheriff's deputies to be on site. However, the deputies stayed outside or in the lobby of the clinic. They did not participate or assist in any way in the search and seizure of any items. Prior to the search, employees of DeSoto contacted the local district attorney, Don Burkett, to inquire whether such a search and seizure would be lawful. The district attorney told them that the search would be legal.

Defendant acknowledges that federal agents did not participate in the search. However, Defendant argues that the fruits of the state search allowed the federal government to commence its investigation into Dr. Miller's affairs with the benefit of documents seized during the warrantless search. Memorandum, p. 2. Defendant argues that the government must, at the very least, establish that its investigation was free from the taint of the "state search" of Dr. Miller's office. Memorandum, p. 5.

**Law and Analysis**

Defendant's Motion to Suppress should be denied because the search at issue was conducted by a private party and not by any government official. It is well settled that if a private party wrongfully conducts a search or seizure of another's person or property, the Fourth Amendment is not violated and such private misconduct does not deprive the government of the right to use evidence that it has obtained legally. United States v. Blocker,

104 F.3d 720, 725 (5th Cir. 1997). The question is whether, in view of the circumstances of the case, the private party acted as an instrument or agent of the government when he conducted the search. Id. To make such a determination, the Fifth Circuit uses the following test: (1) whether the government knew or acquiesced in the intrusive conduct; and (2) whether the private party intended to assist law enforcement efforts or to further his own ends. Id.

The evidence at the hearing established that DeSoto's employees were not acting as government agents. DeSoto's employees, not the government, initiated the idea to search the clinic. They entered the clinic (which they leased and had the right to enter) because they suspected that Miller was embezzling funds that belonged to DeSoto. They searched for (and removed) property that they owned pursuant to the contracts between the parties. Their goals that day were to terminate Dr. Miller's employment agreement and recover DeSoto's equipment and records. They were furthering their own ends, not the ends of law enforcement.

The only government connections in this case are the district attorney's response to an inquiry from employees of DeSoto regarding the legality of such a search and the presence of deputies at the time of the search. However, neither the district attorney nor any other government official had a hand in DeSoto's decision to search the clinic. The sheriff's deputies on location did not assist in any way with the search and seizure. They were there only to keep the peace. At no time prior to or during the search were the employees of

DeSoto operating under instructions from law enforcement. They were not told what to do, and they were not told how to do it.

DeSoto's employees simply entered a building that DeSoto leased and removed files and records that DeSoto owned. No government action occurred and, therefore, Dr. Miller's Fourth Amendment rights were not violated.

Accordingly;

**IT IS RECOMMENDED** that Defendant's Motion to Suppress (Doc. 34) be **denied**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Crim. P. 59(b)(2), parties aggrieved by this recommendation have **ten (10) business days** from the date of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 45(b). A party may respond to another party's objections within **five (5) business days** from the filing of the objections. Counsel are directed to furnish a paper courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file timely written objections to the proposed findings, conclusions and recommendation set forth above shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 13th day of May, 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE