UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 07-50032-01 |
| VERSUS | CIVIL ACTION NO. 11-246 |
| GARLAND D. MILLER | JUDGE S. MAURICE HICKS, JR. |

**MEMORANDUM RULING**

Before this Court is a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Record Document 114) filed by the Petitioner, Garland D. Miller ("Miller"). Miller raises roughly eight grounds asserting the validity of his §2255 Motion. For the reasons set forth below, Miller's motion is **DENIED**.

**BACKGROUND**

Miller was a physician practicing in Zwolle, Louisiana. (Record Document 137-1 at 6). Miller entered into a contract with DeSoto Regional Health System ("DRHS") that provided, among other things, that Miller was to become an employee of DRHS and any income derived from patient care or treatment belonged to DRHS. See id. Ronald Wolff ("Wolff"), the CEO of DRHS was made aware that Miller was diverting funds that contractually belonged to DRHS for his personal use. (Record Document 137-1 at 7). Upon receiving this information, Wolff consulted with Don Burkett ("Burkett"), the district attorney for DeSoto Parish. Burkett advised Wolff that any action DRHS took was pursuant to a contract and any action Wolff took did not constitute state action. See id. Wolff had his employees mirror the computers and seize the files belonging to DRHS that were in Miller's possession. Some of these documents were turned over to Burkett and the IRS. After an investigation, the IRS determined that Miller had been deficient in paying his income taxes.

(Record Document 137-1 at 8). The trial testimony of Miller's ex-wife showed that Miller was a member of "Save-a-Patriot Fellowship," an organization "that advocates the position that United States citizens need not file income tax returns." See id.

After a four day jury trial, Miller was convicted of two counts of attempt to evade or defeat tax in violation of 26 U.S.C. § 7201. (Record Document 137-1 at 4). The Court sentenced Miller to a non-guideline sentence of 48 months in prison. Miller appealed this conviction based on four issues: "(1) excluded evidence that Miller and representatives of DeSoto negotiated a tentative settlement agreement regarding disputed payments under Miller's employment contract; (2) overruled Miller's objection to testimony from Mrs. Miller regarding communications during their marriage, and assertion of the confidential marital communications privilege; (3) included a deliberate ignorance instruction to the jury at the end of the trial; and (4) denied Miller's motion for acquittal." United States v. Miller, 588 F.3d 897, 903 (5th Cir. 2009). The Fifth Circuit rejected all of Miller's claims and affirmed his conviction and sentence. See id. at 908.

Miller has filed a timely §2255 Motion. In his motion, Miller raises a multitude of issues. It appears that he raises roughly eight intermingled and repeated grounds supporting his motion. Ground One asserts that Miller's Fourth Amendment rights were violated in an illegal search and seizure. Ground Two asserts ineffective assistance of counsel and then lists nine instances of ineffectiveness. Ground Three also relates to ineffective counsel, but unlike Ground Two, it is in relation to appellate counsel. Ground Four challenges Miller's sentence as illegal. Ground Five claims that Miller was deprived of his right to present evidence at trial. Ground Six is a request for recusal. (Record

Document 114). Ground Seven is a claim that the prosecution withheld evidence, in violation of Brady v. Maryland, 373 U.S. 83 (1963). Ground Eight is a claim regarding missing trial transcripts.[1]

## LAW AND ANALYSIS

**I.  Claims Not Cognizable Under 28 U.S.C. § 2255.**

After conviction and exhaustion of a defendant's right to appeal, the Court is "entitled to presume that the defendant stands fairly and finally convicted." U.S. v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), quoting U.S. v. Frady, 456 U.S. 152, 164, 102 S.Ct. 1584, 1592 (1982). "Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless post conviction collateral attacks.  To the contrary, a final judgment commands respect." Frady, 456 U.S. at 164-65, 102 S.Ct. at 1593.  Consequently, issues that can be presented in a motion filed under 28 U.S.C. § 2255 are limited.  A defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude.  See Shaid, 937 F.2d at 232.  As the Fifth Circuit has stated:

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.  Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted). Non-constitutional claims, such as challenges to a sentencing guideline issues, that could have been raised

---

[1] Miller, in an addendum to his motion, asserts two new grounds entitled "Ground Six" and "Ground Seven." Being that this was the second "Ground Six" asserted, the Court will refer to it as "Ground Seven" and the listed "Ground Seven" as "Ground Eight." (Record Document 124).

on direct appeal but were not, may not be asserted in a collateral proceeding. U.S. v. Vaughn 955 F.2d 367 (5th Cir. 1992).

Even if a defendant has issues that are constitutional or jurisdictional in nature, he may be procedurally barred from raising them. In order to raise an issue for the first time on collateral review, a defendant must show both "cause" for his procedural default and "actual prejudice" resulting from the error. Id. at 168. To establish "cause," a defendant must show some external impediment prevented him from raising the claim on direct appeal. See U.S. v. Flores, 981 F.2d 231, 235 (5th Cir. 1993). In order to meet the "actual prejudice" test, he must demonstrate not just the possibility of prejudice, "but an actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." Shaid, 937 F.2d at 233.

A narrow exception to the "cause and actual prejudice" requirement exists in extraordinary cases "in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 232. The Supreme Court has emphasized that this exception is limited to only those cases involving "manifest miscarriages of justice" that would result in the continued incarceration of an innocent person. Id., citing Smith v. Murray, 477 U.S. 527, 537, 106 S.Ct. 2661, 2649 (1986).

All of Miller's claims that were raised in his direct appeal are not properly before this Court as they have already been dealt with by the Fifth Circuit. This includes the exclusion of evidence issue regarding negotiations with DRHS,[2] the inclusion of Miller's ex-wife's testimony and the inclusion of the deliberate ignorance instruction to the jury at the end of

---

[2]This includes any and all claims Miller makes regarding the admissibility of the testimony of Ronald Corkern.

the trial on the merits. However, in an abundance of caution, the Court will analyze these issues as it has no effect on the outcome of this motion.

## II. Ineffective Assistance of Counsel

The general rule prohibiting a defendant from raising claims on collateral review absent "cause" and "actual prejudice" does not apply to claims of ineffective assistance of counsel. Massaro v. United States, 538 U.S. 500, 504, 123 S.Ct. 1690, 1693, 155 L.Ed. 2d 714 (2003). This "procedural-default rule is neither a statutory nor constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." Id. at 503. Requiring a criminal defendant to bring claims of ineffective assistance of counsel on a direct appeal does not promote these objectives. Id. A claim of ineffective assistance of counsel cannot be properly resolved on appeal because there has been no opportunity to develop the record on the merits of these allegations. United States v. Alanis, 88 Fed. Appx. 15, 19 (5th Cir. 2004). Thus, a criminal defendant is permitted to bring ineffective assistance of counsel claims in a collateral proceeding under §2255, regardless of whether such claims could have been raised on direct appeal. Id.

To prevail on claims of ineffective assistance of counsel, Miller must prove (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); Bryant v. Scott, 28 F. 2d 1411, 1414-15 (5th Cir. 1994). Under the first prong of the Strickland analysis, Miller must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. The

court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. The defendant may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Id., 466 U.S. at 690, 104 S. Ct. At 2066.

Under the second prong of the Strickland test, Miller must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F. 2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability to undermine confidence in the outcome." Strickland, 466 U.S. at 690, 104 S. Ct. At 2066. Miller must demonstrate that the attorney's actions "were so serious as to render the proceeding unreliable and fundamentally unfair." United States v. Saenz-Forero, 27 F. 3d 1016 1021 (5th Cir. 1994) citing Lockhart v. Fretwell, 506 U.S. 364, 372, 113 S. Ct. 838, 844, 122 L. Ed. 2d 180 (1993). If Miller fails to establish either prong of the Strickland test, his claim of ineffective assistance of counsel must be denied. See Tucker v. Johnson, 115 F. 3d 276, 280 (5th Cir. 1997); Bryant v. Scott, 28 F. 3d 1411, 1415 (5th Cir. 1994); Williams v. Collins, 16 F. 3d 626, 631 (5th Cir. 1994).

**a. Ground One- Fourth Amendment**

Miller alleges that his Fourth Amendment rights were violated by an illegal search and seizure of his property by DRHS. Miller asserts that DRHS was acting as an arm of the state when DRHS conducted its search. (Record Document 114 at 5). Miller argues both the merits of this claim and also claims that this issue was not raised on appeal because his counsel was ineffective.

This issue was raised in a pretrial motion to suppress. (Record Document 137-1 at

16). The Magistrate Judge conducted this hearing and found that DRHS was not acting as an arm of the state. Therefore, the search was not in violation of Miller's Fourth Amendment rights. See id. After a review of the Magistrate Judge's Report and Recommendation (Record Document 44)[3] and the transcript of the hearing (Record Document 59), it is clear the Magistrate Judge's findings were correct.

It is well established that counsel cannot be ineffective for failing to raise legally meritless arguments. United States v. Sangs, 31 Fed. Appx. 152 (5th Cir. 2001). Therefore Miller's counsel cannot been considered ineffective for failing to raise this Fourth Amendment issue. The Court finds Ground One to be meritless in its entirety.

**b. Ground Two- Trial Attorney's Ineffective Assistance**

At trial, Lowell Becraft ("Becraft") along with Ansel M. Stroud III ("Stroud") were lead counsel for Miller. (Record Document 137-1 at 20). Miller claims that Stroud was absent an entire day of trial, which, according to Miller, shows that Stroud's assistance was ineffective. (Record Document 114 at 7). The Government contends that the record contains comments from Stroud every day of the trial. (Record Document 137-1 at 20). Even assuming that Stroud was absent for an entire day, Miller has failed to meet his burden under Strickland. If Stroud was absent, Miller was still being represented by Becraft. While Miller claims that Stroud's duty was "to prepare legal argument and objections which [sic] arose during trial," Miller fails to establish that Becraft failed to do just that in Stroud's absence. (Record Document 114 at 7). Therefore, there still was constitutionally effective assistance of counsel in every part of the trial on the merits. With no showing of how this

---

[3]Adopted by the Court in Record Document 52.

absence prejudiced Miller, this claim is meritless.

Miller further claims that his counsel was ineffective by giving "evidence against me during my sentencing phase of my trial." (Record Document 114 at 7). Miller is referring to the Court's recommendation to the Bureau of Prisons to place Miller in a substance abuse treatment program. (Record Document 137-1 at 21). As the government points out, "[t]he provisions regarding alcohol abuse constitute no part of the defendant's sentence, but are, instead, recommendations to the Bureau of Prisons during defendants term of incarceration and conditions of defendant's supervised release as found necessary by the probation office." (Record Document 137-1 at 21). Stroud's statements to the Court at sentencing did not prejudice Miller as they had no effect on his conviction or sentence. Therefore Miller has not met his burden under Strickland and the Court finds this claim meritless.

Miller next claims Becraft was ineffective as he was not licensed to practice in Louisiana. (Record Document 114 at 7). Becraft was properly admitted *pro hac vice* and therefore was eligible to practice before this Court. (Record Document 39). This argument lacks merit.

Miller complains that Stroud failed to "protest the fact that I was not allowed to testify at my sentencing hearing." (Record Document 114 at 7). At sentencing the Court asked "At this time, Mr. Stroud, do you want to deliver any remarks on behalf of the defendant, or does the defendant wish to address the Court personally?" Mr. Stroud answered "I will make the remarks, Your Honor." (Record Document 102 at 33). Miller argues that he attempted to interject throughout the sentencing but his counsel would not let him. The record only shows one instance where Miller attempted to speak. The record is unclear as to why Miller stopped mid-sentence. However, this did not occur when the Court asked who

would be delivering the remarks. Rather, it occurred at the very end of sentencing after Stroud had already advocated on Miller's behalf. (Record Document 102 at 50).

It appears that the right of allocution is neither jurisdictional nor constitutional. <u>United States v. Reyna</u> 358 F.3d 344, 349 (5th Cir. 2004). Therefore, this is not a claim that is properly before this Court. Regardless, Miller has failed to show prejudice as required to meet his §2255 burden. Further, a lawyer who speaks on behalf of his client in lieu of a defendant speaking before a sentence is imposed is clearly a sentencing strategy. This argument lacks merit.

The next argument found in Ground Two is that Stroud "failed to raise objections at appeal for the requirement of retribution [sic], a crime for which the defendant was not convicted. Retribution [sic] for Embezzlement." (Record Document 114 at 7). In his reply, Miller states that this claim contains a typographical error and should read "restitution" and not "retribution." Even with this correction, Miller has failed to make out a cognizable claim with this argument. Without a sufficient showing of prejudice or how his attorney's conduct fell before an objective reasonable standard, this claim is meritless.

Miller next argues that, on appeal, Stroud "testified" against him by stating Miller had two accounts on his computer instead of three. (Record Document 114 at 7). He claims this "gave the appearance of deceitful behavior." However, this took place on appeal and Miller fails to show how Stroud's statement prejudiced him on one of the four issues raised on appeal. Based on the showing made by Miller, this count is meritless.

Miller also argues that Stroud did not cross examine his ex-wife regarding evidence on deposit slips at issue in trial. (Record Document 114 at 7). The government correctly points out that while Stroud did not cross-examine Miller's ex-wife, Becraft did. Further, the

questions asked on cross-examination fall squarely in the ambit of trial strategy. Miller has failed to show this Court how Becraft's approach to this cross-examination fell below the objective standard of reasonableness.[4]

Miller's final argument in Ground Two is that, at trial, Stroud was recovering from a stroke. Therefore, Miller argues, he was unable to provide an effective defense. (Record Document 114 at 7). Miller fails to specifically point out how this inhibited Stroud's ability to represent Miller. The mere fact that Stroud was recovering from a stroke does not, by itself, prove ineffective counsel. Based on the showing Miller has made, Stroud cannot be said to be ineffective simply because he was recovering from a stroke. This argument, along with all arguments raised in Ground Two, is meritless.

### c. Ground Three- Ineffective Assistance of Appellate Counsel

Miller repeats many arguments in Ground Three, therefore the Court will only address new arguments raised in Ground Three. The first unique argument challenges the manner in which Stroud argued the admissibility of Miller's ex-wife's testimony on direct appeal. Miller argues that Stroud's performance was deficient because he did not properly refute the law cited by the government. (Record Document 117 at 10). As the Fifth Circuit held, the martial privilege did not apply to the testimony elicited at trial.[5] Again, this falls in

---

[4] "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland v. Washington, 466 U.S. at 688.

[5] "The district court correctly overruled Miller's objections. Mrs. Miller testified regarding Miller's practice of processing payments that were made to the medical clinic. This testimony is not privileged because it refers to acts, not communications. She also testified about conversations with Miller in which they discussed how to process checks and whether they should go into business or personal accounts. This testimony involved

the ambit of trial strategy. Miller has failed to show how Stroud's representation fell below an objective standard of reasonableness. Therefore, this argument is meritless.

The same analysis applies to Miller's next argument regarding jury instructions. Miller renews his argument from direct appeal that the "deliberate ignorance" jury instruction was inappropriate. (Record Document 114 at 10). Miller's counsel objected to the inclusion of the instruction at trial and on appeal. U.S. v. Miller, 588 F.3d at 905. Miller apparently argues that the ineffective assistance occurred when his appellate counsel did not alert the Fifth Circuit that the instruction was added *sua sponte*. Assuming for the purpose of this motion that his assertion is correct, this fact does not change the propriety of the instruction. The trial court found the instruction was appropriate and the Fifth Circuit directly affirmed this finding. U.S. v. Miller, 588 F.3d at 905-906. Had his trial counsel raised this issue to the Fifth Circuit, it would not have altered the outcome of Miller's appeal. Therefore, Miller's counsel was not ineffective as Miller was not prejudiced.

Miller next argues that his counsel was ineffective for not arguing the exclusion of "Title 26 Tax Code" and the United States Constitution as evidence. (Record Document 114 at 10). The trial court correctly excluded these documents as they were irrelevant to the case on the merits and in its discretion, found its probative value was substantially outweighed by its likelihood to confuse the jury. Fed. Rule of Evid. art 403. Therefore, Miller's counsel was not ineffective as raising this argument would have been fruitless.

Finally, Miller argues that his counsel was ineffective for failing "to effectively argue

---

conversations about a joint criminal activity and thus is not protected by the confidential marital privilege. That Mrs. Miller was not charged with any crime does not preclude a finding that there was joint criminal activity." U.S. v. Miller 588 F.3d at 905. (Citations omitted)

effectively that the District Court erred in the denial of my acquittal." (Record Document 114 at 11). As the government notes, "Defendant cites no specific aspect of the argument that was deficient and offers no valid suggestion for arguing the sufficiency of evidence which [sic] could have been presented and resulted in a different outcome for his trial." (Record Document 137-1 at 30). The conclusory nature of Miller's argument fails to satisfy either prong of the Strickland test, therefore this argument is meritless.

### III. Ground Four- Illegal Sentence

In Ground Four, Miller begins by rearguing many of the claims already addressed. (Record Document 114 at 13). Miller then argues that the obstruction of justice enhancement to his sentence was in error. Miller claims that because obstruction of justice was not a crime he was convicted of, it cannot be used to increase his sentence. Further, Miller argues that the enhancement amounted to a penalty for exercising his constitutional right to testify in his own defense. See id. The trial court's finding of obstruction of justice pursuant to the U.S.S.G. at the time of sentencing does not require a finding of beyond a reasonable doubt. The Court found, by a preponderance of the evidence, that an enhancement for obstruction of justice was warranted. Miller has failed to show why the Court was incorrect beyond his own self-serving conclusory statements. Further, as previously stated, sentencing guideline issues that could have been raised on direct appeal but were not, may not be asserted in §2255 motion. Therefore this argument is without merit.

Miller next asserts that the Court erred in not having his ex-wife participate in the restitution order. (Record Document 114 at 13). Miller also argues that the restitution order to be paid to DRHS for embezzlement, "a crime for which was not convicted," was in error.

See id. To bring this issue in this motion, Miller must show both cause and prejudice. Miller has not shown the Court cause as to why these issues have not been raised before this motion. Therefore, based on the showing made, this issue is not properly before the Court. Further, a §2255 motion must be related to the defendant's custody. U.S. v. Gaudet, 81 F.3d 585, 592 (5th Cir. 1996). A finding on the propriety of restitution would not alter Miller's custody. Therefore, this claim is not properly before the Court.

Miller also argues that his non-guideline sentence under U.S.C. § 3553(a) was unreasonable. (Record Document 124 at 21). Other than mere disagreement, Miller offers no tangible reasons as to how the Court abused its discretion and therefore, this argument is meritless.

Miller makes a blanket statement that none of these issues were raised before because of the ineffective assistance of counsel. (Record Document 114 at 15). However, Miller makes no attempt to show how his counsel's actions fell below an objective standard of reasonableness. Therefore, based on Miller's showing, his ineffective counsel claim is meritless.

**IV. Ground Five- Constitutional Right to Present Evidence**

In Ground Five, Miller argues that the Court incorrectly excluded the United States Constitution, the Title 26 Tax Code,[6] and the testimony of Ronald Corkern. Finally, Miller asserts the Court's handling of *voir dire* was in error. (Record Document 114 at 16).

Ronald Corkern ("Corkern") was Miller's former attorney. See id. The ostensible purpose of his testimony was to shed light on negotiations between Miller and DRHS in the

---

[6]Both the Title 26 tax code and United States Constitution were previously addressed *supra* and will not be addressed in this section.

early stages of their relationship. This issue was litigated both at the trial court and on direct appeal; therefore, this issue is not properly before this Court. Moreover, as the Fifth Circuit held, "the district court did not abuse its discretion in excluding the evidence regarding settlement negotiations." U.S. v. Miller, 588 F.3d at 904. Therefore, this argument is meritless.

Finally, regarding the Court's handling of *voir dire*, Miller erroneously argues that it was not recorded. The trial transcript reads, "*voir dire* is conducted on the record but not transcribed herein." (Record Document 101 at 11). Therefore, *voir dire* was properly held and recorded. Based on the showing made by Miller, this argument is meritless.

**V. Ground Six- Recusal**

Miller argues in Ground Six that the undersigned should recuse himself "for demonstrating bias, failing to perform his protective function and failing to be a source of law in his courtroom. Also for being a fact finder." (Record Document 114 at 18). This is the first time this issue has been raised. Miller does not claim that his counsel was ineffective in Ground Six. (Record Document 114 at 17-19). Therefore, Miller must show both cause and prejudice for failing to raise the recusal issue on direct appeal. Miller fails to show cause as to why the issue of recusal is being raised for the first time. Therefore, this issue is not properly before this Court.

**VI. Ground Seven- Withholding Exculpatory Evidence**

Miller asserts in an addendum to his §2255 Motion that the government withheld material exculpatory evidence. (Record Document 124 at 2). Specially, the evidence in question are "documents pertaining to meetings held between CEO Ron Wolff and Desoto Regional Health Systems and District Attorney, Don Burkett that was previously unknown."

See id. Miller has failed to attach these documents or explain their relevance. It is well documented that Wolff and Burkett did meet regarding the propriety of DRHS' actions. As fully addressed *supra*, there is no proof Wolff and DRHS were acting at the direction of Burkett. This new evidence supposedly will show a "closer relationship between DRHS CEO Wolfe and DA Don Burkett." (Record Document 124 at 3). Again, Miller fails to show the Court how this new "evidence" will change the outcome of the suppression hearing. Merely showing a "closer relationship" will not change the fact that Wolfe and DRHS were not acting at the direction of Burkett. Therefore, Miller has failed to show how this new evidence would be material and this argument is meritless.

**VII. Ground Eight- Missing Trial Transcripts**

Miller argues here that the trial transcript is incomplete. He claims that Corkern's testimony is missing. Corkern did not give live testimony. (Record Document 124 at 7). Rather, Miller's defense counsel proffered Corkern's testimony so as to preserve its objection. (Record Document 101-6 at 143). This proffer was even considered by the Fifth Circuit on direct appeal. United States v. Miller, 588 F.3d at 902 n.6. Therefore, Miller's contentions in Ground eight are meritless.

## CONCLUSION

The Court finds that many of Miller's claims are procedurally barred. Notwithstanding, his contentions have no merit. Accordingly, Miller's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Record Document 114) be and is hereby **DENIED**.

Pursuant to Rule 11(a) of the Rules Governing 2255 proceedings for the United

States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court *may* direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts (emphasis added). Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

An order consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 21st day of November, 2011.

                                              S. MAURICE HICKS, JR.
                                       UNITED STATES DISTRICT JUDGE