UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 07-50032 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| GARLAND D. MILLER | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Petitioner Garland D. Miller's ("Miller") "Petition for Writ of Error Coram Nobis or in the Alternative Motion to Amend Judgment Pursuant to Fed. R. Civ. P. 60" (Record Document 170). Miller seeks the following relief in the instant Petition: (1) reversal of his conviction for tax evasion; (2) an order vacating the restitution imposed upon Miller as part of the sentencing for this conviction and ordering disgorgement of restitution paid pursuant to sentencing; and (3) an order granting relief from the Court's judgment of conviction and sentence under Federal Rule of Civil Procedure 60(b). See Record Document 170. For the reasons contained in the instant Memorandum Ruling, Miller's Petition is **DENIED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

On March 28, 2007, a federal grand jury issued an indictment against Miller on two counts of tax evasion in violation of 26 U.S.C. § 7201. See Record Documents 1 and 2. A jury found Miller guilty on both counts on July 10, 2008. See Record Document 82. On October 31, 2008, the Court sentenced Miller to 48 months in prison and ordered him to pay (1) restitution of $55,470.94 to his former employer and (2) $89,130.35 in outstanding tax obligations. See Record Documents 93 and 94. Miller appealed his conviction, but the Fifth Circuit affirmed his conviction on November 20, 2009. See United States v. Miller, 588 F.3d 897 (5th Cir. 2009).

On February 7, 2011, Miller filed a Motion to Vacate his Sentence under 28 U.S.C. § 2255. See Record Document 114. On November 21, 2011, this Court denied Miller's Motion to Vacate. See Record Documents 146 and 147; see United States v. Miller, 2011 U.S. Dist. LEXIS 134399 (W.D. La. 2011). On May 7, 2012, the Fifth Circuit affirmed this Court's denial of a Certificate of Appealability on that Motion. See Record Document 161. On June 13, 2012, Miller filed a second § 2255 Motion, styled as a Petition for Writ of Error Coram Nobis. See Record Document 162. On June 25, 2012, the Court denied that Motion. See Record Document 165. On May 15, 2013, the Fifth Circuit affirmed this Court's denial of Miller's second § 2255 Motion. See Record Document 169.

On December 15, 2015, Miller filed the instant "Petition for Writ of Error Coram Nobis or in the Alternative Motion to Amend Judgment Pursuant to Fed. R. Civ. P. 60." See Record Document 170. The Government responded to Miller's Motion on January 26, 2016. See Record Document 174. Miller filed a reply brief on February 5, 2016. See Record Document 175.

## LAW AND ANALYSIS

**I.    Legal Standards**

The writ of error coram nobis is the sole remedy available to a person convicted of a crime seeking to vacate or modify a criminal conviction after the person is no longer in custody. See United States v. Morgan, 346 U.S. 502, 505-512 (1954); see United States v. Miller, 546 Fed. Appx. 335, 336 (5th Cir. 2013). The writ of error coram nobis is available under the authority of the "all-writs section of the Judicial Code," 28 U.S.C. § 1651(a). Morgan, 346 U.S. at 506. This writ is an extraordinary remedy. Id. at 511. A

petition or motion for a writ of coram nobis is "a step in the criminal case and not . . . the beginning of a separate civil proceeding." Id. at 505 n.4.

To obtain a writ of error coram nobis, a petitioner must demonstrate that: (1) he or she suffers from continuing civil disabilities as a result of his or her criminal conviction; (2) he or she exercised reasonable diligence in seeking relief from his or her conviction; and (3) unless relief is granted, there will be a complete miscarriage of justice. See Morgan, 346 U.S. at 505-12; see Monroe v. United States, 2005 U.S. Dist. LEXIS 37601 at *14-15 (E.D. Tex. 2005) (synthesizing elements for issuance of the writ under Supreme Court and Fifth Circuit precedent). In deciding a petition for a writ of error coram nobis, "it is presumed the proceedings [in which the petitioner was convicted] were correct," and the burden of overcoming this presumption rests upon the petitioner." Morgan, 346 U.S. at 512.

## II. Analysis

Miller makes a number of arguments in support of his Petition, primarily relating to the civil disabilities he has suffered and the errors he alleges this Court made in convicting him of tax evasion. See Record Document 170. The Government asserts that none of these arguments have merit. See Record Document 174.

### A. The Court Assumes Without Deciding that Miller Alleged Sufficient Civil Disabilities Resulting from His Conviction.

Miller alleges that, as a result of his criminal conviction, he has suffered the following civil disabilities: (1) inability to obtain temporary medical licenses outside of Louisiana as a precursor to obtaining a full medical license; (2) prevention of travel to certain countries; and (3) exclusion from certain healthcare and billing practices by the United States Department of Health and Human Services. See Record Document 170.

The Government contends that even if Miller does suffer such civil disabilities, they do not constitute the type of civil disabilities that can satisfy this element. See Record Document 174; see United States v. Bush, 888 F.2d 1145, 1150 (7th Cir. 1989) ("to endure a restricted occupational menu is not to suffer a disability"); see United States v. Keane, 852 F.2d 199, 202 (7th Cir. 1988) ("criminal convictions sometimes produce financial penalties and diminish the reputation of the defendant, but these do not entail continuing legal effects of a judgment").

The Court has reviewed the precedent to which the Government cites. The Court notes that in Keane, in addition to the above-quoted language, the Seventh Circuit also states that the writ of error coram nobis is available when the petitioner alleges that his or her conviction has deprived him of the ability to obtain or hold an occupational license. 852 F.2d at 203. However, the Court finds it unnecessary to decide whether Miller has met this element, as the Court rejects Miller's arguments on the second and third elements required to obtain a writ of error coram nobis. See Section II, B, *infra*. Thus, the Court assumes without deciding that Miller has met the civil disabilities element. See Monroe, 2005 U.S. Dist. LEXIS 37601 at *16-17 (similarly assuming without deciding that petitioner's inability to obtain an occupational license met this element).

### B. Miller's Arguments Fail on both the "Reasonable Diligence" and "Complete Miscarriage of Justice" Elements.

Miller argues that the Court committed three different errors in convicting him of tax evasion and ordering restitution: (1) ordering restitution "absent any statutory basis;" (2) broadening the indictment against Miller with respect to alleged embezzlement; and (3) allowing the Government to present evidence that was obtained in violation of Miller's Fourth Amendment rights. Record Document 170. The Government argues that: (1) the

Court did not err; (2) even if the Court erred, Miller should have raised these arguments earlier; and (3) even if the Court erred, any such errors would not constitute a complete miscarriage of justice. See Record Document 174.

Miller failed to exercise reasonable diligence in raising these arguments, and these arguments fail to demonstrate that a complete miscarriage of justice will result if the Court does not grant the instant Petition. First, restitution "is a sentencing issue that should be raised on direct appeal." United States v. Hatten, 167 F.3d 88, 886-87 n.6 (5th Cir. 1999). Thus, Miller cannot show reasonable diligence in pursuing this argument, as he did not raise it on direct appeal. See United States v. Miller, 588 F.3d 897 (5th Cir. 2009) (addressing Miller's arguments on direct appeal, none of which dealt with restitution). Additionally, Hatten also stands for the proposition that a district court lacks jurisdiction to modify a restitution order when that order is challenged on the grounds of illegality. 167 F.3d at 886-87. Miller is challenging the restitution order on the ground that the Court issued that order "absent any statutory basis," which amounts to an argument that the restitution order was illegal. Record Document 170. Therefore, the Court does not have jurisdiction to alter its prior restitution order in any way on the basis of alleged illegality, and Miller's restitution argument cannot serve as a basis for granting the instant Petition.

Second, Miller's argument regarding the reference to embezzlement in the indictment and the lack of jury instructions on embezzlement also fails. Though somewhat hard to follow, Miller seems to argue that the indictment's allegation that Miller engaged in embezzlement (among other actions) meant that: (1) the Government was obligated to prove that Miller engaged in "tax evasion by embezzlement" rather than just "tax evasion;" (2) that the Court should have provided the jury with a specific instruction on

embezzlement; and (3) that the Government was obligated to obtain an indictment that specifically charged him with embezzlement under 18 U.S.C. § 3663, *et seq*. Record Document 170.

These arguments have no merit. Miller did not exercise reasonable diligence in asserting these arguments; he should have raised them on direct appeal or in his § 2255 Motions. See Glinsey v. United States, 2008 U.S. Dist. LEXIS 52845 at *6 (N.D. Miss. 2008) (rejecting a similarly dilatory challenge to an indictment in a petition for writ of error coram nobis). Furthermore, Miller's embezzlement-related arguments, which are wholly unsupported by citation to any authority, are wrong on the merits. The elements of tax evasion under 26 U.S.C. § 7201 are: "(1) existence of a tax deficiency; (2) an affirmative act constituting an evasion or an attempted evasion of the tax; and (3) willfulness." United States v. Miller, 588 F.3d 897, 907 (5th Cir. 2009). The indictment does accuse Miller of embezzlement, but it also accuses him of "converting or causing to be converted payments to him or his wife to cash and money orders" to attempt to evade income taxes. Record Document 1. As the Fifth Circuit pointed out in his direct appeal when addressing the sufficiency of the evidence supporting Miller's conviction, Miller's conversion of payments made to his clinic to cash, money orders, and cashier's checks and maintenance of two sets of billing records could satisfy the "affirmative act" element necessary to convict him of tax fraud. See United States v. Miller, 588 F.3d 897, 907 (5th Cir. 2009). Thus, the Government was not required to obtain a specific finding from the jury on embezzlement, include an embezzlement jury instruction, or obtain an indictment on the separate federal crime of embezzlement to convict him of tax evasion.

Finally, Miller's third argument regarding an alleged search in violation of the Fourth Amendment also fails. This argument is a regurgitation of a failed argument raised in a pre-trial Motion to Suppress and Miller's first § 2255 Motion. See Record Documents 44 and 146. As such, Miller cannot use this argument to demonstrate that a complete miscarriage of justice would result if the Court does not grant the instant Petition. See United States v. Esogbue, 357 F.3d 532, 535 (5th Cir. 2004) (stating that if assertions in a petition for writ of error coram nobis regurgitate prior failed arguments, such assertions cannot demonstrate a complete miscarriage of justice).

### C. Federal Rule of Civil Procedure 60 Has No Application in the Instant Action.

Miller also seeks relief under Federal Rule of Civil Procedure 60. See Record Document 170. He argues that the Court's alleged errors regarding embezzlement and restitution constitute mistakes that entitle him to relief from his conviction and restitution orders. See id. As seeking a writ of error coram nobis is a step in a criminal case, this Rule has no application in the instant action. See Morgan, 346 U.S. at 505 n.4. Morgan's request for relief under Federal Rule of Civil Procedure 60 is therefore **DENIED**.

### CONCLUSION

Miller failed to meet the second and third elements necessary for issuance of a writ of error coram nobis. Thus, Miller failed to overcome the presumption that the previous proceedings in the instant action were correct, and he is not entitled to a writ of error coram nobis granting the relief he requests. Miller's "Petition for Writ of Error Coram Nobis" (Record Document 170) is therefore **DENIED**. Miller's request for relief under Federal Rule of Civil Procedure 60 (Record Document 170) is also **DENIED**, as that Rule is inapplicable in criminal cases.

An order consistent with the terms of the instant Memorandum Ruling will issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, on this the 23rd day of January, 2017.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE